**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Leland Wallace RICH, Defendant and Appellant.**

**No. 12302.**

Supreme Court of South Dakota.

Argued May 15, 1978.

Decided July 27, 1978.

**604**

Peter H. Lieberman, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Joseph Neiles, Pennington County Asst. Public Defender, Rapid City, for defendant and appellant.

WUEST, Circuit Judge.

At approximately 4:00 a. m., February 26, 1977, the Rapid City Police Department responded to a complaint that someone was tearing a house apart at 1519 North Seventh Street in Rapid City. Officer Melvin Brown responded and when he arrived at the house he noticed that the lights were on, the door was open, and many of the windows were broken out. On approaching the doorway, he heard the sound of breaking glass and other unusual sounds. When he reached the door, he noticed that almost every window had been broken out; that large holes had been made in the doors; and that every piece of furniture and every lamp appeared to be broken. Appellant Leland Rich came around the corner of the hallway facing him. Mr. Rich said he was trying to knock out every window in the house and, if he had missed any, he wished Officer Brown would let him know about it. In addition, he made threats against Officer Brown and another officer who had arrived later. Brown observed that appellant was wearing hiking boots, had an open knife in his hand, and was drinking from a can of beer. He also saw him huffing what appeared to be spray paint from a plastic bag.

Appellant was arrested by the officers and charged under the provisions of SDCL 22–34–3.1, which then provided as follows:

Every person who willfully injures, damages or destroys public property, without the lawful consent of the appropriate governing body having jurisdiction thereof, or private property in which other persons have an interest, without the consent of such other persons, shall be guilty of the crime of criminal damage to property and, upon conviction thereof, shall be punished as follows:

(1) When the value of such property exceeds the sum of three hundred dollars the offender may be punished by a fine of not to exceed one thousand dollars or by imprisonment in the state penitentiary not to exceed ten years or by both such fine and imprisonment;

(2) When the value of such property is less than three hundred dollars the offender may be punished by a fine not to exceed one hundred dollars or imprisonment in the county jail not to exceed thirty days or by both such fine and imprisonment.

Appellant was tried, found guilty, and sentenced to a year in the state penitentiary. He appeals the conviction.

With regard to valuation of the damaged property for the purpose of applying the above statute, the state called John Slanina. Slanina testified that the house in question

was owned by the Pennington County Housing Authority,[1] and that he was an employee of Professional Management, Inc., which had a contract with the housing authority to operate and maintain all of the public housing in the jurisdiction of the housing authority. His specific duties included supervision of the management staff and maintenance employees. He was responsible to insure that the management staff properly rented the housing units to eligible applicants and to make certain that the maintenance personnel kept the dwelling units in a safe, sanitary and livable condition. In addition, he approved all purchase orders for materials used to repair any damage done to any of the units and he kept records regarding each unit. Slanina testified that he observed the premises after the incident and saw broken furniture, broken windows, cut screens, and damaged interior doors. Testifying from the records kept in his office, he stated that the cost of materials and labor required to repair the damage was $432.38. He was never asked the value of the property damaged. Deducting the expense of labor and materials necessary to temporarily enclose the property until the permanent repairs could be made, the actual cost of repair was $296.26. Appellant claims the expenses of temporarily enclosing the windows and doors cannot be included in the value of the property alleged in the information as injured, damaged or destroyed.

The information substantially charges the appellant did feloniously injure, damage or destroy private property of the value of three hundred dollars—to-wit: window screens and doors in which other person or persons have an interest; to-wit: Mrs. Margaret Rich, and the Pennington County Housing Authority—without the consent of Mrs. Rich and the Pennington County Housing Authority.

Appellant claims the court erred by instructing the jury that they could return a verdict upon the felony charge because the expense of repair was only $296, after deducting the refrigerator service call (which was not charged in the information) and the temporary securing of the property.

The case was tried as a civil damage action. This was an error. The statute provides that every person who willfully injures, damages or destroys public property, the value of which exceeds three hundred dollars, is guilty of a felony; when the value of such property is less than three hundred dollars, the act is classified as a misdemeanor. The plain terms of the statute provide that the difference in penalty applies when the value of the property is above or below three hundred dollars. If the legislature had intended to provide that where the injury, damage or destruction of the property is three hundred dollars in order to classify the offense as a felony or misdemeanor, they could have so provided. The statute, however, plainly says when the *value* of the property injured, damaged or destroyed exceeds three hundred dollars, the act is a felony; if less than three hundred dollars, the act is a misdemeanor.

In the case at bar, any injury, damage or destruction of the building would have been a felony, assuming the building's value exceeded three hundred dollars. Reasonable expense of repair may be a proper measure of damages in particular civil cases, but it was not the proper method of proving value in this case. To illustrate, it is common knowledge that the cost of repairs to an automobile occasionally exceed its value. Generally, when a criminal statute provides for a greater penalty when the damage is over a certain sum, value means the market value. 50 Am. Jur.2d Larceny § 45; 52A C.J.S. Larceny § 60(2). The probabilities are great that the building in question exceeded the value of three hundred dollars. The state could have produced a witness capable of stating the market value of the building, or if a market value could not be ascertained, the state could have resorted to reconstruction or some other applicable method.

---

1. Actually, it is a "Housing and Redevelopment Commission" and not "Housing Authority," although the information and witnesses referred to it as a "Housing Authority." SDCL 11–7–7.

As noted, the information did not charge that the building was injured, damaged or destroyed, but rather, it charged "windows, screens and doors." It may be that the pleading could be sustained; however, to sustain the felony charge, their value had to be proved beyond a reasonable doubt to exceed three hundred dollars. This was not done as only the repair bill was submitted, which may or may not have been reasonable and could have exceeded their value. The burden on the state would have been easier if it would have alleged damage to the building, proved the building's value of three hundred dollars or more, and any damage thereto.

Error is further urged by the appellant because Mr. Slanina testified that there was no consent to the injury, damage or destruction of the property. The property is owned by the Pennington County Housing Commission. Under the terms of the criminal statute and as charged, the state had to prove that the property was injured, damaged or destroyed without the consent of the Pennington County Housing Authority. The state's only effort to prove nonconsent by the commission was through the testimony of Mr. Slanina. At most, he was providing management services under SDCL 11–7–21.1. The record omits any reference to his authority from the commission to consent to injury, damage or destruction of the commission's property. Under the provisions of SDCL 11–7–22, the commission has power to delegate to one or more of its agents or employees such powers or duties as it may deem proper. Regardless of this statute, it is questionable whether the commission could have authorized Mr. Slanina to consent since it is a public body corporate and politic and has the power and control of the property owned by the commission. SDCL 11–7–17, 11–7–21, 11–7–22, and 11–7–23. Even if we assume, without deciding, that the consent could have been delegated, there is nothing in this record to show that it was delegated to Slanina. Therefore, the state has failed in their proof regarding nonconsent of the commission, which was a necessary element under the statute, SDCL 22–34–3.1, as charged.

Because the state failed to prove the value of the property injured, damaged or destroyed, and nonconsent of the commission, the case must be reversed.

DUNN, C. J., and MORGAN, J., concur.

WOLLMAN and PORTER, JJ., dissent.

WUEST, Circuit Judge, sitting for ZASTROW, J., disqualified.

PORTER, Justice (dissenting).

I would affirm the conviction, but under the misdemeanor portion of the statute, since the evidence indicates that less than $300 damage was done to the public property. Moreover, there was sufficient evidence from which the jury could properly find that the damage was inflicted without the lawful consent of the appropriate governing body. The circumstances under which defendant caused the property destruction and the nature of the damage were matters (along with Slanina's testimony) from which the jury could reasonably infer that the governing body had not consented to the wanton property destruction shown.

The effect of the majority's reversal on insufficient evidence grounds is to mandate entry of a judgment of acquittal on remand. *Burks v. United States*, —— U.S. ——, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

I am authorized to state that Justice Wollman joins in this dissent.